UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIRIO MAGGIACOMO,

        Plaintiff,

v.

AUTOMOTIVE FLEET ENTERPRISES, INC. and LOUIS SPIRO

        Defendants.

Case No. 8:15-cv-02290-JSM-MAP

## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND SUPPORTING MEMORANDUM OF LAW

COMES NOW SIRIO MAGGIACOMO ("Plaintiff"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(f), moves to strike Defendant's First, Second, Third, Sixth, Eighth, Ninth, Fourteenth, Sixteenth, Seventeenth, and Nineteenth affirmative defenses and states as follows:

### I.    Introduction

1. In this action, Plaintiff seeks recovery of unpaid compensation earned while employed as a Fleet Buyer for Defendants' vehicle sales business from August 2009 until August 2015.

2. Plaintiff specifically asserts the following claims in his Amended Complaint: (1) Breach of Contract for unpaid salary and commissions; (2) Unjust

Enrichment/Quantum Meruit; (3)Failure to Pay Minimum Wages in violation of Florida's Minimum Wage Law, Art. X, Section 24, Florida Constitution ("Art. X, §24"); (4) Failure to Pay Minimum Wages in violation of the Fair Labor Standards Act (FLSA); (5) Failure to Pay Overtime Wages in violation of the FLSA; and (6) Failure to Pay Minimum Wages in violation of the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA").

    3.    On February 25, 2016, Defendants filed their Answer and Affirmative Defenses asserting, in part, the following affirmative defenses:

    a.    *First-* Accord and Satisfaction, Fla.Stat., Sec. 673.3111;

    b.    *Second-* Accord and Satisfaction;

    c.    *Third-* Good Faith;

    d.    *Sixth-* Laches;

    e.    *Eighth-* FLSA Exemptions;

    f.    *Ninth-* "Exemptions, Exclusions, or Exceptions...";

    g.    *Fourteenth-* Estoppel;

    h.    *Sixteenth-* Failure to "report" or advise" of time worked;

    i.    *Seventeenth-* Doctrine of Avoidable Consequences; and

    j.    *Nineteenth-* Waiver.

    4.    Plaintiff shows that the First, Second, Sixth, Fourteenth, Sixteenth, Seventeenth and Nineteenth affirmative defenses are due to be stricken as Defendants

have failed to identify the claim(s) against which the defenses are asserted.  Moreover, the defenses are inapplicable as a matter of law insofar as they have been raised to avoid Plaintiff's claims under the FLSA, FMWA and/or Art. X, §24.

5.  Plaintiff shows that the Third, Eighth, and Ninth affirmative defenses are due to be stricken in that they lack the requisite level of pleading specificity in accordance with Federal Rule of Civil Procedure 8(a).  These defenses improperly consist of bare conclusory statements devoid of any supporting allegations sufficient to give Plaintiff fair notice of the nature of the defenses.

6.  As further argued below in the supporting Memorandum of Law, Defendants' First, Second, Third, Sixth, Eighth, Ninth, Fourteenth, Sixteenth, Seventeenth, and Nineteenth affirmative defenses should be stricken.

7.  Pursuant to Local Rule 3.01(g), undersigned counsel for Plaintiff certifies that he has conferred with opposing counsel in a good faith effort to resolve the issues raised by this Motion; however, the parties were unable to reach agreement on resolution of said issues.

II.  **Memorandum of Law**

Pursuant to Fed. R.Civ.P. 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have "broad discretion in considering a motion to strike under Fed.R.Civ.P. 12(f)." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D.

Fla., 2005)(citing *Williams v. Eckerd Family Youth Alternative*, 908 F.Supp. 908, 910 (M.D.Fla.1995)).

An affirmative defense should be stricken if it is insufficient as a matter of law. *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992, 1000 (M.D. Fla. 1976)).  Courts also must strike affirmative defenses which are "vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint."  *Morrison*, 434 F.Supp.2d at 1318 (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir.2001) and *Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. Coll.*, 77 F.3d 364, 367 (11th Cir.1996)).

Affirmative defenses are also subject to the general pleading requirements of Fed.R.Civ.P. 8(a), which requires "a short and plain statement" of an affirmative defense. *Morrison*, 434 F.Supp.2d at 1318.  While defendants are not required to plead in great detail the factual allegations in support of a given defense, they "must do more than make conclusory allegations." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D.Fla. 2002).

**A.     First Affirmative Defense-  Accord and Satisfaction, Fla.Stat., Sec. 673.3111**

Defendants fail to articulate the particular claim or claims as to which this affirmative defense is asserted.  This is particularly important given that accord and satisfaction is unavailable as a defense to claims arising under the FLSA. *Aguilar v. Abc Supply Co.*, No. 2:10-CV-141FTM36SPC, 2010 WL 2243753, at *2 (M.D. Fla. June 4,

2010).  The inapplicability of this defense to FLSA cases should likewise extend to claims under the FMWA and Art. X, §24 given the Florida Constitution's mandate that Florida's minimum wage law be interpreted consistent with the FLSA.  *See* Florida Constitution, Art. X, §24(f)("It is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations"); and Fla.Stat. § 448.110(3)("The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein").

**B.     Second Affirmative Defense-  Accord and Satisfaction**

As with their First Affirmative Defense, Defendants fail to articulate the particular claim or claims as to which this affirmative defense is asserted.  Again, this critical given that accord and satisfaction is unavailable as a defense to claims arising under the FLSA and by appropriate extension, those arising under the FMWA and Art. X, §24.

**C.     Third Affirmative Defense- Good Faith**

Defendants allege in their Third Affirmative Defense that they are absolved of liability under the FLSA in that they "acted in good faith and in conformity with and in reliance on a written administrative regulation, order, ruling, approval, or interpretation" of the Department of Labor's Wage and Hour Division.  However, Defendants neither cite the purported administrative regulation, order, etcetera upon which they rely nor

provide any factual allegations to support the defense. *See Morrison*, 434 F.Supp.2d at 1321. If Defendants in fact relied in good faith upon a DOL interpretation of the FLSA, presumably they can point to it.

D. **Sixth Affirmative Defense- Laches**

Defendants fail to articulate the particular claim or claims as to which this affirmative defense is asserted. This is particularly important given that laches is unavailable as a defense to claims arising under the FLSA. *Herman v. Suwannee Swifty Stores, Inc.*, 19 F. Supp. 2d 1365, 1373-74 (M.D. Ga. 1998). Likewise, given the adoption of the FLSA minimum wage provisions in the interpretation of Florida's minimum wage law, the preclusion against the defense of laches should extend to Plaintiff's claims under the FMWA and Art. X, §24.

E. **Eighth Affirmative Defense- FLSA Exemptions**

Defendant's Eighth Affirmative Defense asserting Plaintiff was "an exempt employee" pursuant to "several" unidentified "FLSA exemptions" is legally insufficient. At the very least, Defendants should be required to identify the specific purported applicable exemptions. *See Morrison*, 434 F.Supp.2d at 1318.

F. **Ninth Affirmative Defense- "Exemptions, Exclusions, or Exceptions..."**

Similar to their Eighth Affirmative Defense, Defendants' Ninth Affirmative Defense fails for want of any factual allegations to support it. Defendants' generic references to "exemptions, exclusions, or exceptions credits" amount to conclusory legal

assertions that do not satisfy basic pleading requirements, namely fair notice to Plaintiff of the nature of the defense.

G.  **Fourteenth Affirmative Defense- Estoppel**

Defendants fail to specify the claim or claims as to which this affirmative defense is asserted. Just the same, because the defense is expressly pointed to the issue of whether Plaintiff was an employee versus an independent contractor, it admittedly appears to pertain to the claims arising under the FLSA. Even if that can be assumed, estoppel is generally not available as a defense to FLSA claims. *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009). As stated in *Gonzalez*, there is a narrow exception to the general preclusion against estoppel as a valid defense to an FLSA claim which is inapplicable in this instance. *Id.* (Estoppel affirmative defense stricken and narrow exception precluded where Defendants did not "assert that they...paid the overtime to which Plaintiff [was] entitled or that Plaintiff [was] entitled only to overtime reflected in employee records"). Because construction of Florida's constitutional minimum wage mandate should be guided by the FLSA, its implementing regulations and interpretive case law, estoppel should likewise not be available as a defense to Plaintiff's claims under the FMWA and Art. X, §24.

H.  **Sixteenth Affirmative Defense- Failure to "report" or advise" of time worked**

Defendants fail to specify the claim or claims as to which this affirmative defense is asserted. Furthermore, the purported affirmative defense reads as more of a generic statement rather than a legally cognizable defense to any of the stated claims. Perhaps Defendants have intended to assert the defenses of waiver or estoppel; however, those defenses have been expressly asserted as the Nineteenth Affirmative Defense and Fourteenth Affirmative Defense, respectively. As such, the Sixteenth Affirmative Defense would appear to be redundant at the very least. Additionally, insofar as Defendants level the alleged failure to "report or advise" as a defense against the FLSA claims, such defense is unavailable as the FLSA has no such reporting requirement. *Morrison,* 434 F.Supp.2d at 1319. Likewise, Art. X, §24. contains no reporting requirement as a precondition to asserting a minimum wage claim. Though the FMWA does contain a presuit demand requirement, it does not encompass a contemporaneous reporting requirement.

I.    **Seventeenth- Doctrine of Avoidable Consequences**

This defense, as worded by Defendants, is strongly akin to the defenses of waiver and estoppel. To be sure, in support of this affirmative defense, Defendants expressly rely on an alleged affirmative agreement by Plaintiff to serve as an independent contractor as opposed to an employee, that is they contend Plaintiff waived his right to be treated as an independent contractor for FLSA purposes and/or is estopped from claiming

employee status by virtue of the alleged agreement. It is well-established that neither waiver nor estoppel are available defenses as to FLSA, FMWA or Art. X, §24 claims.

In addition, it is well-settled that a parties' agreement as to employment/contractor status is immaterial to the issue. *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 470-471. (11th Cir. 1982)("[T]he issue of whether an employment relationship exists under the FLSA must be judged by the 'economic realities' of the individual case…[T]he intention to create an employment relationship is irrelevant")(citing *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1189 (5th Cir. 1979)).

**J.     Nineteenth Affirmative Defense- Waiver**

Defendants fail to specify the claim or claims as to which this affirmative defense is asserted. Moreover, the doctrine of waiver is not available as a defense to claims arising under the FLSA, . *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1983) ("FLSA rights cannot be abridged by contract or otherwise waived"). Minimum wage claims under the FMWA and Art. X, §24, construction of which is to be guided by the FLSA, its implementing regulations and interpreting case law, should also not be subject to the affirmative defense of waiver.

WHEREFORE, based upon the reasons stated herein, Plaintiff Sirio Maggiacomo respectfully requests that the Court grant this motion and strike Defendants' First, Second, Third, Sixth, Eighth, Ninth, Fourteenth, Sixteenth, Seventeenth and Nineteenth affirmative defenses.

Dated this 21st day of March, 2016.

                                        Respectfully submitted,

R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
*Counsel for Plaintiff*

**LAW OFFICE OF R. MICHAEL PIERRO, JR., P.A.**
146 Second Street North – Suite 310
St. Petersburg, Florida 33701
(727) 201-2573
(727) 491-7072 – Fax
mikepierro@rmpemploymentlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to Donald J. Schutz, Esquire, Schutz Litigation PLLC, 535 Central Avenue, St. Petersburg, Florida 33701-3703 (don@lawus.com).

R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
*Counsel for Plaintiff*